UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

ERIC KRENING,

                    Debtor.

NO. 09-44745-PHB

**DECLARATION OF MICHAEL R. CARYL SUPPORTING MOTION FOR RELIEF FROM STAY TO ALLOW LIQUIDATION OF ATTORNEY LIEN CLAIM IN STATE COURT**

MICHAEL CARYL declares and states as follows:

1.     I have been one of the attorneys for Debtor Eric T. Krening in the underlying case captioned MARCIA M. WHARTON and S. PAUL SMITH v. BERRY & ZUNDEL, PLLC, v. ERIC T. KRENING, King County Cause # 07-2-14321-1 SEA. I am employed in my professional services corporation, Michael R. Caryl, P.S., and my law firm performed legal services for debtor Krening in that case from April 2007 through February 2008. I make this declaration in support of my motion to lift the stay to allow adjudication of my claim of attorney's lien in King County Superior Court. I have personal knowledge of the matters testified to in this declaration.

DECLARATION OF MICHAEL R. CARYL
SUPPORTING MOTION TO LIFT STAY IN
BANKRUPTCY TO ADJUDICATE CLAIM OF
ATTORNEY'S LIEN
- 1 of 9

MARC L. SILVERMAN
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

2. _Training and Experience._ I am an honors *cum laude* graduate from St. Lawrence University (A.B. 1969), took my Juris Doctor from Georgetown University Law Center in 1972 and am a highest honors graduate with an LL.M from George Washington University School of Law in 1977. I am a Seattle-based trial lawyer with over 36 years of experience and have tried more than 400 civil and criminal cases and arbitrations. I served 4 years active duty in the Army J.A.G.C. Since starting private practice in 1977, I have focused on civil trial work including personal injury, commercial and construction litigation, collection work and insurance litigation. I have served on the Board of Governors of the Washington State Trial Lawyer's Association, have taught Litigation for Paralegals at City University in Seattle, and have been an "AV" rated lawyer for over 26 years with the Martindale Hubbell law list, that organization's highest rating.

3. _Practice Focus on Attorney's Fee Litigation._ Since 1995, my practice began to focus on representing and counseling lawyers, law firms and clients in the area of attorney fee disputes. This practice developed out of my successful representation of Seattle attorney Fred Zeder who prevailed after a 5-day trial, an appeal to Division I and a petition to the Supreme Court. See *Taylor v. Shigaki*, 84 Wn. App. 723, 930 P.2d 340 (1997). I also consult on both legal malpractice and attorney discipline issues relating to attorney's fees and frequently serve as an expert witness in courts and arbitrations on attorney fee dispute matters. At present, virtually all of my practice involves issues relating to attorney's fees. I have given at least 19 specific CLE lectures to the State and trial lawyer bars on topics including legal ethics, attorney-client relationships, lawyer-client and lawyer-lawyer fee disputes, including the proper contents of attorneys' fee agreements, collecting attorneys' fees from clients, using and foreclosing attorneys' liens, collecting a contingency fee after discharge by the

**DECLARATION OF MICHAEL R. CARYL SUPPORTING MOTION TO LIFT STAY IN BANKRUPTCY TO ADJUDICATE CLAIM OF ATTORNEY'S LIEN - 2 of 9**

MARC L. SILVERMAN
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

client, and attorneys' fee disputes between lawyers. I am one of the regular panelists in the WSBA's Annual *Law of Lawyering* Seminar. During last December 2008, I gave two CLE presentations to WSBA and WSTLA seminars, one on the use and foreclosure of attorney's liens and one on fee agreement best practices and fee-sharing among lawyers.

3. <u>ADR/Expert Witness/Litigation Experience</u>. I have been selected to serve as an arbitrator and mediator in lawyer/lawyer fee disputes and have represented numerous lawyer clients in various aspects of fee disputes. The principal issue in most of those cases is the value of lawyer work done. I have served as an expert witness on more than twenty occasions giving opinions on the reasonableness of attorneys' fees, and various ethical issues facing lawyers relating to the charging of attorney's fees. I have litigated the reasonableness of attorneys' fees and presented expert testimony on this subject in many cases as well, including the published cases of *Taylor v. Shigaki*, 84 Wn. App. 723, 930 P.2d 340 (1997), and *Barrett v. Freise*, 119 Wn. App. 823, 82 P.3d 1179 (2003) (where we successfully achieved recovery of the contingency fee dispute under RCW 4.24.005 when the client fired the lawyer after obtaining settlement commitments of over $600,000, based on the doctrine of substantial performance.)

4. <u>Publications on Attorney's Fee Issues</u>. I have had many articles published in various bar periodicals on fee-related subjects including the WSBA Bar News, the WSTLA Trial News and the King County Bar Bulletin, covering subjects including collection of attorney's fees from clients, breach of fiduciary duty in fee activities, the efficacy of flat fees, and billing and intake practices relating to fees. My most recent article, <u>Lessons in Private Practice: The Law of Unintended Consequences</u>, dealt with the risks of suing clients for fees. December 2008, King County Bar

**DECLARATION OF MICHAEL R. CARYL**
**SUPPORTING MOTION TO LIFT STAY IN**
**BANKRUPTCY TO ADJUDICATE CLAIM OF**
**ATTORNEY'S LIEN**
**- 3 of 9**

Bulletin.  Lastly, I am the editor of the Attorney's Fees Chapter in the <u>WSBA Ethics Desk Book</u>, which chapter was entirely re-written and recently published.

5.    <u>Krening Engagement</u>.  Eric Krening came to me in the spring of 2007, specifically for my background in fee dispute litigation.  After representing Dr. Wharton in the IDEA claim involving her disabled son and having received what was apparently a good result, his relationship with Dr. Wharton soured.  After winning the case, Mr. Krening withdrew with the consent of Dr. Wharton.  At the time, Dr. Wharton had fallen far behind in the payment of Krening's hourly attorney's fees, and owed him a sizeable balance.  Krening came to me for advice and counsel on his fee predicament with plaintiff Wharton, and he hired me to try to negotiate a settlement.  In Mr. Krening's case, I suggested a strategy of negotiation and counseled Mr. Krening to be prepared to seriously compromise on Dr. Wharton's fee balance.  At the end of our interview, I specifically discussed my own fee arrangements for serving as his lawyer.  I informed him that I would not require a retainer/advance, but he would have to pay every invoice as billed.  He assured me that he would.  I drafted and mailed him an engagement letter before we met.  At our intake, I went over the specific terms of my basic engagement letter and explained it to him paragraph by paragraph.  One paragraph in the engagement letter made clear that litigating with clients over fees was problematic:

> You have stated that you need to get out of the front lines in dealings with these people and have asked me to intervene as your counsel, seek to negotiate a settlement of fees and to insulate you from one on one dealing with these people.  We have not discussed anything past attempts to negotiate a settlement.  Obviously, suing your clients for those fees once you have withdrawn is problematic and raises many concerns, not the least of which is a possible malpractice counterclaim.  I will discuss all of this with you when we meet.  This will confirm, however, that my initial focus as your lawyer will be to obtain a resolution of this dispute that you can live with.  The costs of litigating with these people if a settlement cannot be worked out could be substantial.

Marc L. Silverman
Attorney at Law
1621 114th Ave. S.E., Suite 220
Bellevue, Washington 98004
Phone: (425) 455-1570  Fax: (425) 455-1954

Mr. Krening made clear that he understood all aspects of the engagement letter's terms. He signed the engagement letter at the end of our intake interview that day. A true copy of the engagement letter is attached hereto at **Exhibit A**.

6. <u>My Representation of Krening</u>. I attempted to negotiate with Krening's former clients, Dr. Marcia Wharton and Professor Paul Smith. Krening had apparently angered them to the point that they had no intention to negotiate – they merely sued him. I became Krening's lawyer, defending a lawsuit that sought to get out from the payment of all attorney's fees and sought damages for legal malpractice, breach of fiduciary and at least five other separate claims. I conducted discovery on behalf of Mr. Krening. I responded to discovery from the plaintiffs, Wharton-Smith. I conducted a CR 26(i) conference with Paul Smith over discovery (discovery required of counsel by court rule before a discovery motion might be brought). I brought a motion for summary judgment seeking dismissal of all of the Wharton-Smith claims, and a dollar judgment on behalf of Krening against Wharton-Smith. I defended efforts by Wharton-Smith to indefinitely delay the summary judgment and I argued the summary judgment motion. One significant end result of my efforts was the dismissal of the legal malpractice claims brought against Krening. I continued to represent Krening well into February, 2008, until all of the summary judgment sequella was over and I could withdraw without harming Krening.

8. <u>Litigating with *Pro Ses* is Expensive</u>. As the Court can appreciate, litigating with a *pro se* over lawyer's fees can be expensive. *Pro se* parties are unfamiliar with typical litigation practices and court rules, and everything they do is usually over-the-top. *Pro se* litigants frequently possess hard feelings that worsen with the passage of time. When litigating against an opposing counsel with no personal interest, business can usually be done efficiently and dispassionately. This Krening case is a

**DECLARATION OF MICHAEL R. CARYL
SUPPORTING MOTION TO LIFT STAY IN
BANKRUPTCY TO ADJUDICATE CLAIM OF
ATTORNEY'S LIEN
- 5 of 9**

MARC L. SILVERMAN
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

poster child for needless expense resulting from dealing with *pro ses*. The Wharton-Smith side was wholly unfamiliar with litigation rules, customs and practices, and even simple communications with them were time-consuming.

9. <u>Billings to Krening</u>. Our engagement letter provided that I would bill Krening each month for the fees and costs incurred in the month previous. I did in fact him bill him precisely as our agreement provided. Attached hereto at **Exhibit B** is a print out from my computer billing program summarizing the invoices sent, the two payments made, and the growing balance.

10. <u>Mr. Krening's Inability or Unwillingness to Pay My Fees</u>. From the very beginning of the case, Mr. Krening did not pay my hourly fees. He came to me with the hope that we would negotiate a settlement for cents on the dollar. Before we knew it, he was involved in acrimonious and complicated litigation with *pro ses* who did not understand or abide by court rules and commonly accepted litigation practices. In fact, the entire 10+ months in which I represented Krening, he only made two payments of $2,730 and $4,000, totaling only $6,730, the last of which was in mid-August 2007. I had numerous conversations with Mr. Krening and exchanged numerous emails where I exhorted him to pay my invoices and get current. Never once before I withdrew did Mr. Krening ever question even a single entry in any invoice, challenge the reasonableness of the charges or the need of the work, or in any manner raise any issues about his obligation to pay. Mostly he supplied excuses, apologies and promises. He referred to fees he had coming in from Hawaii on cases he had previously done there, and other potential sources of funds with which to pay my fees but not once did he ever come through on any of these promises.

11. <u>Withdrawal and Filing of Attorney's Lien</u>. I withdrew because of Krening's failure to pay me. Mr. Krening and a partner in his law firm, Mr. Simmerly, then took over the case. Mr. Krening had

**DECLARATION OF MICHAEL R. CARYL
SUPPORTING MOTION TO LIFT STAY IN
BANKRUPTCY TO ADJUDICATE CLAIM OF
ATTORNEY'S LIEN
- 6 of 9**

MARC L. SILVERMAN
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

promised to pay all my fees repeatedly, but given his own financial condition and other matters that he did not fully confide in with me, he failed to make any payments after about mid-August 2007. The summary judgment motion, but for the maneuvering first by Wharton-Smith and later by their lawyer McBroom, should have been resolved by mid-October. Wharton-Smith's lawyer's procedural maneuvering in late September through November 2008 was costly and dragged out the process, and Wharton-Smith's motion for reconsideration after Judge Canova granted the motion extended the process even further. I could not withdraw until the summary judgment process had been completed. Despite non-payment, Krening repeated insisted that I remain in the case as his lawyer. When I withdrew, I filed and served a notice of claim of attorney's lien, a true copy of which is attached hereto at **Exhibit C.** I gave notice to both Mr. Krening and to the Plaintiffs, Wharton Smith. Accordingly, I am a secured creditor of Mr. Krening to the extent of funds held secured by my claim of attorney's lien, as is briefed in the motion to lift the stay.

12. <u>Resolution of the Wharton-Krening Litigation</u>. The Wharton-Krening lawsuit finally went to trial in King County Superior Court, before a jury, and presided over by the Hon. Kimberly Prochnau. The jury rendered a verdict on December 10, 2008, ruling in favor of Krening and his former employer, Berry and Zundel, and against Plaintiffs Wharton-Smith. There was an attorney's fees provision in the fee agreement between Berry/Krening and the plaintiffs, Wharton-Smith. I understand that the jury found that when Krening left Berry & Zundel and took the case with him, that the parties intended to continue under the same terms and conditions with Krening as set forth in the original fee agreement with Berry and Zundel. Accordingly, Judge Prochnau entered fee applications from Berry and Krening and ultimately Judge Prochnau made separate awards of attorney's fees to defendants Krening and Berry. A judgment on Special Verdict was initially entered on April 17, 2008 by Judge Prochnau. A true copy of that

**DECLARATION OF MICHAEL R. CARYL**
**SUPPORTING MOTION TO LIFT STAY IN**
**BANKRUPTCY TO ADJUDICATE CLAIM OF**
**ATTORNEY'S LIEN**
**- 7 of 9**

Marc L. Silverman
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

judgment is attached hereto at **Exhibit D.** Judge Prochnau then awarded Krening attorney's fees and costs totaling $37,679. Ultimately Judge Prochnau entered a second order correcting the judgment in favor of Krening and Berry & Zundel. A true copy of the order correcting judgment is attached hereto at **Exhibit E.** Once the judgment was finally entered, I filed and served on all necessary parties an Amended Notice of Claim of Lien against the judgment, as is required by law. A true copy of that amended notice is attached hereto at **Exhibit F.**

13. <u>Securing of Funds in the Registry of the Superior Court.</u> After the jury's verdict was rendered, Wharton-Smith retained attorney Mark Honeywell of the Gordon Thomas Honeywell law firm, a lawyer with whom I am acquainted relating to other fee dispute litigation. I put Mr. Honeywell on notice of my attorney's lien. Accordingly, Mr. Honeywell has made two separate payments of funds into the registry of the King County Superior Court under Cause # 07-2-14321-1 SEA, more than sufficient to pay the entirety of my lien. Because Mr. Krening would not assure me that he intended to honor my claim of attorney's lien, I moved Judge Prochnau before the Krening Chapter 13 filing for an order maintaining the status quo and freezing the funds held in the registry of the court pending a court order adjudicating the final amount of my attorney's lien. Over Mr. Krening's opposition, Judge Prochnau granted that motion. A true copy of her order securing the funds in the registry of the Court pending determination of the amount of the attorney's lien is attached hereto at **Exhibit G**. Because Mr. Krening would not discuss how he intended to pay my lien, I went to a great deal of trouble in preparing the evidence and briefing to support my motion to foreclose my attorney's lien against the funds in the registry of the Court. We were only a couple of days away from completing and filing the motion to foreclose when Mr. Krening gave notice of his Chapter 13 petition.

**DECLARATION OF MICHAEL R. CARYL**
**SUPPORTING MOTION TO LIFT STAY IN**
**BANKRUPTCY TO ADJUDICATE CLAIM OF**
**ATTORNEY'S LIEN**
**- 8 of 9**

MARC L. SILVERMAN
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

12.    **Total Fees and Costs Charged**.  Pursuant to my engagement letter to Mr. Krening, I was entitled to be paid by the hour at $325.00 per hour and that unpaid billings bore simple interest at the rate of 12% per annum.  As of around June 1, 2009, the unpaid balance due from Mr. Krening totaled approximately $26,000.  I am also entitled under the engagement letter to an award of reasonable attorney's fees and costs in having to litigate to get paid.  I estimate that the total fees in foreclosing the attorney's lien will exceed $12,000 additionally.  I have had to hire bankruptcy counsel to represent me in the Bankruptcy.  Those fees will be added on to what he owes me for the lien foreclosure proceeding.

DECLARED UNDER PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON this day of July, 23 2009 at Seattle, Washington.

_____
Michael R. Caryl

**DECLARATION OF MICHAEL R. CARYL SUPPORTING MOTION TO LIFT STAY IN BANKRUPTCY TO ADJUDICATE CLAIM OF ATTORNEY'S LIEN**
- 9 of 9

MARC L. SILVERMAN
ATTORNEY AT LAW
1621 114TH AVE. S.E., SUITE 220
BELLEVUE, WASHINGTON 98004
PHONE: (425) 455-1570 FAX: (425) 455-1954

# EXHIBIT A

378-4132

To      Michael Cory!

From    Enic Knerring

4/5/07

Thanks !

**HAND DELIVERED**

April 5, 2007

Eric Krening, Esq.
2100 116th Ave NE
Bellevue, WA
98004-3016

        Re:     Terms of engagement

Dear Eric:

        The terms of our engagement are set forth below. I will discuss this with you on Thursday morning and answer your questions. Before I can do anything further on your behalf, I will need you to sign off on this letter. Please signify your agreement to these terms and conditions by signing below on the enclosed copy. I will be hand delivering this to you when we meet. Take it back and read it. Call if you have further questions. You can sign and fax back or e-mail back your signature page, but I would ask that you return the signed hard copy.

**TERMS OF ENGAGEMENT**

        The practices and procedures set forth herein will apply to your account, unless other written arrangements have been made.

**Scope of Engagement**

        You initially engaged me to assist you in your dispute with your former clients, Drs. Wharton and Smith. You brought claims under a Federal statute with the acronym ADEA related to accommodation by the school district of your client's child suffering from Asperger's Syndrome. The case was tried to an Administrative Law Judge and you prevailed in the case. Your client and in particular, her husband, not the father of the disabled child, became disagreeable and abusive after the trial and while the written

closing argument was being drafted. The clients actually got involved in the drafting of the closing argument and have made your life miserable for about the last month. The ALJ has ruled in your favor and now is the time that an attorney's fee application should be prepared and sent to the ALJ. The clients' interference, abusive conduct, and criticisms of your work, has forced you to withdraw.

You have stated that you need to get out of the front lines in dealings with these people and have asked me to intervene as your counsel, seek to negotiate a settlement of fees and to insulate you from one on one dealing with these people. We have not discussed anything past attempts to negotiate a settlement. Obviously, suing your clients for those fees once you have withdrawn is problematic and raises many concerns, not the least of which is a possible malpractice counterclaim. I will discuss all of this with you when we meet. This will confirm, however, that my initial focus as your lawyer will be to obtain a resolution of this dispute that you can live with. The costs of litigating with these people if a settlement cannot be worked out could be substantial.

There is also the issue of your relations with Barry and Zundle. I understand that you still have some friction resulting from your having left your office-sharing arrangement with them. They have a separate billing that is owed to their firm, of which you are entitled to one-half. It is obviously in your best interest to keep up relationships with them and to cause your former clients to see that you and the old firm are united with regards unpaid fees.

One of the documents you emailed me yesterday was what appears to be a draft of a letter for my signature to your former clients about a proposal for settlement. While I do not usually allow clients to ghost correspondence for me, particularly at the outset of the relationship, we can discuss the contents of your letter and the advisability of sending something along the lines of your draft.

**Retainer**

As a courtesy, I usually do not require an initial retainer when I take cases with established attorneys. That is based on your personal assurance at the time you engage me that you will promptly pay my fees as billed, according to the terms of this engagement letter. If one of my invoices is not paid on time, you will hear from me. If the invoice is not paid soon thereafter, I will withdraw as your counsel, commensurate with CR 71 and the Rules of Professional Conduct. I have a busy practice so I am not in a position to carry unpaid balances. Given that there is no retainer required, I am sure you can understand. If you are having trouble keeping up with monthly billings, you need to bring that to my attention immediately.

**Organization of Work**

You have hired me for my background in the field of fees and ethics. I will be the lawyer principally responsible for the work in this case. Given the present posture, it is unlikely that anyone else would need to work on this matter, other than my legal assistant, unless it gets involved with actual litigation.

## Basis for Fees

You will be billed for legal services at the standard hourly rates charged by the lawyers or other personnel working on your matter. My hourly rate is $300.00. If we use a contract lawyer, that person will be billed at $190.00 per hour. I use an experienced trial lawyer friend at times, Lee Raaen, and if we did so in your case, he would be billed at $225.00 per hour. Any paralegal work that is done is billed at $85.00 per hour, although there is probably not much need for paralegal work, unless the case moves quickly into litigation. We do not charge for secretarial or legal assistant services. If we do use our office assistant on your case in a non-clerical capacity, such as assembling documents, creating spreadsheets or similar work, we bill her at $50.00 per hour.

We bill by the hour, in tenth of an hour increments. Each invoice will show the services performed by the person who did the work and the amount of time in tenths of an hour. Ordinarily, there will only be one entry per day in which services are provided.

## Costs and Expenses

You will be charged for certain costs and expenses advanced or incurred by our firm on your behalf. Such charges include court fees, service of process fees, deposition and court reporter fees, if necessary, consulting or expert witness fees, if you agree such would be appropriate, long distance telephone charges, computerized legal research *outside of our basic plan*, at our cost, and messenger services and similar costs. We do not charge for faxes. Photocopies are billed at $.05 a page, unless we have to send large jobs outside and, in such cases, we will bill those to you at our cost. We do not mark up any costs. All such costs are your responsibility. We will generally advance payment to these service providers where appropriate. We will not incur the expenses of experts or consultants without your consent.

## Monthly Billing Statements – Other Terms

My firm bills on a monthly basis. Ordinarily, all bills are due *upon receipt.* Simple interest of 1% per month will be charged for any unpaid balance after 20 days of the invoice date. If you have any question or objection to any fees or costs billed on any invoice, you should bring your question or objection to my attention within ten days of your receipt of the invoice.

**Non-Payment of Fees**

If any litigation is necessary to collect any unpaid fees at the close of this engagement, or to interpret this agreement, the prevailing party is entitled to reasonable attorney's fees and costs of suit. Venue for any such action is in King County Superior Court.

**Ownership of the File**

The case file that is assembled in my office is the property of my law firm, pursuant to WSBA Formal Opinion 181. In the event of either my withdrawal or your termination of me, the original file remains with my office. I will, however, arrange to have the file copied at your expense by an outside copy service, and the cost of the copying of the file must be paid at the time you come to pick up the file.

**Termination by Either Party**

Either party may terminate this engagement by written notice. Written notice shall be made by delivery of a notice of termination to the other party ten days before the effective date of the termination. Such a notice to me, as your lawyer, shall be made to the office identified above. My notice to you, as client, shall be made to the address on this letter, unless you give me prior notice of a new address for purposes of delivery of such notice. I will not withdraw in any manner that violates any civil rule or the Rules of Professional Conduct. You agree that you will take no action which might deprive me of the compensation I am entitled to for services performed under this engagement.

**Record Retention Policy**

At the conclusion of our representation of a client on a particular matter, we will tender to you all files and documents belonging to you, the client. We may also tender to you some of the work product, with the exception of certain correspondence and notes. We will make those file materials available to you for pick up. If you do not wish to receive back those materials, they will be destroyed. Because of the prohibitively high cost of storage, we will no longer be storing the entire client file. Your signature on this engagement letter is your authorization to our destruction of any file materials that you do not pick up, once made available.

**Questions**

I clearly recognize that I am in a service business. I appreciate your choosing me to assist with this matter. I strive to provide legal services in an effective and efficient manner. I want all billings to be accurate and understandable. Please direct any questions about services, billing practices or the payment status of your account promptly to me. Would you please sign off on the copy that is enclosed and return it to me by facsimile or

e-mail?  I would like to have you sign and return the hard copy by mail.  I will need at least the faxed executed agreement back before any further work will be done.  I look forward to assisting you in this process.

Sincerely,


Michael R. Caryl

MRC:mow
enclosure


Dated Effective: _____.

MICHAEL R. CARYL, P.S.


_____
Michael R. Caryl, Attorney


The terms and conditions set forth above are agreeable to me and I agree to be bound thereby.  I acknowledge that Mr. Caryl discussed the details of our fee arrangement orally during our intake interview and that after he sent this engagement letter to me, and that he answered all questions I may have brought to his attention, if any.  I understand the terms and conditions of his representation as set forth in this letter.


_____
Eric Krening, Client

Eric Krening, Esq.
April 5, 2007
Page 5

e-mail? I would like to have you sign and return the hard copy by mail. I will need at least
the faxed executed agreement back before any further work will be done. I look forward to
assisting you in this process.

Sincerely,

Michael R. Caryl

MRC:mow
enclosure

Dated Effective:    4-5-07

MICHAEL R. CARYL, P.S.

Michael R. Caryl, Attorney

The terms and conditions set forth above are agreeable to me and I agree to be bound
thereby. I acknowledge that Mr. Caryl discussed the details of our fee arrangement orally
during our intake interview and that after he sent this engagement letter to me, and that he
answered all questions I may have brought to his attention, if any. I understand the terms
and conditions of his representation as set forth in this letter.

Eric Krening, Client

# EXHIBIT B

**Michael R. Caryl, P.S.**
18 West Mercer Street
Suite 400
Seattle, WA  98119-3971
(206) 378-4125

Mr. Eric T. Krening
Herman Recor Law Firm
2100 116th Ave. NE
Bellevue WA 98004

July 08, 2009
Invoice # 10629

In Reference To:   Fee Dispute - Marcia Wharton and Paul Smith

| | Amount |
|---|---|
| Interest on overdue balance | $202.09 |
| Total amount of this bill | $202.09 |
| Previous balance | $25,882.35 |
| Balance due | $26,084.44 |

## Selection Criteria

| | |
|---|---|
| Slip.Date | Earliest - 7/8/2009 |
| Clie.Selection | Include: Krening Lien Collection |

Nickname        Krening Lien Collection | 231
Full Name       Michael R. Caryl, P.S.
Address
Phone                               Fax
Home                                Other
In Ref To       Krening Lien Collection
Fees Arrg.      By billing value on each slip
Expense Arrg.   By billing value on each slip
Tax Profile     Exempt
Round Fees      6 Minutes
Last bill
Last charge     7/7/2009
Last payment                        Amount    $0.00

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/3/2009 9554 | Mike Caryl Time | 325.00 | 0.50 | 162.50 | Billable |
| | Review email from Paul Simmerly about E&O insurance inquiry, and draft response | | | | |
| 6/8/2009 9649 | Mike Caryl Time | 325.00 | 0.90 | 292.50 | Billable |
| | Begin drafting motion to foreclose lien and MRC Decl in support | | | | |
| 6/11/2009 9647 | Mike Caryl Time | 325.00 | 0.10 | 32.50 | Billable |
| | Email to Nelson Berry asking for file materials | | | | |
| 6/11/2009 9656 | Mike Caryl Time | 325.00 | 0.50 | 162.50 | Billable |
| | Editing the MRC narrative decl in support of motion to foreclose | | | | |
| 6/12/2009 9652 | Mike Caryl Time | 325.00 | 1.10 | 357.50 | Billable |
| | Draft MRC authenticating declaratin and review of the potential documentary exhibits (.9); instrucitons toleg assistant re search for documentary exhibits (.2) | | | | |
| 6/12/2009 9663 | Mike Caryl Time | 325.00 | 1.20 | 390.00 | Billable |
| | Review correspondence file and ideitify exhibits for Decl and narrative; drafting the narrative decl (1.5) | | | | |
| 6/16/2009 9797 | JDR Time | 55.00 | 0.50 | 27.50 | Billable |
| | Meet with MRC and receive Krenning assignment- to analyze correspondence to support lien foreclosure | | | | |
| 6/17/2009 9798 | JDR Time | 55.00 | 1.80 | 99.00 | Billable |
| | Start analyzing correspondence | | | | |

Krening Lien Collection:Michael R. Caryl, P.S. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/18/2009 9799 | JDR Time correspondence analysis | 55.00 | 3.00 | 165.00 | Billable |
| 6/19/2009 9712 | Mike Caryl Time Tele from Mark Honeywell - he is going to deposit funds to the court registry next week | 325.00 | 0.20 | 65.00 | Billable |
| 6/19/2009 9800 | JDR Time Finish reading through Krening correspondence | 55.00 | 3.40 | 187.00 | Billable |
| 6/22/2009 9713 | Mike Caryl Time Begin drafting motion to maintain status quo for purposes of atty lien foreclosure (1.6) ; daft subjoined decl in support (.1); draft proposed order (.4); instructions to leg asst' JC, on filing and service (.2); brief conference with JDR and JC re paralegal tasks in oputting to egter evidecne formotion to foreclose lien (.3); more work on the motion to foreclose (1.1) | 325.00 | 4.70 | 1,527.50 | Billable |
| 6/22/2009 9801 | JDR Time Begin to sort emails in categories support arguments | 55.00 | 3.00 | 165.00 | Billable |
| 6/22/2009 9802 | JDR Time Go through pleadings look for supporting pleading for the judicial estoppel argument | 55.00 | 5.00 | 275.00 | Billable |
| 6/23/2009 9719 | Mike Caryl Time Bring GDR up to speed on facts and clarify what I need him to be doing in prepping for filing motion to foreclose (.2) | 275.00 | 0.20 | 55.00 | Billable |
| 6/23/2009 9803 | JDR Time Analyze Krening correspondence and summarize into memo for MRC (2.5), Research filing under seal and put together method in a summary memo (1.5), Contact AIB to track down missing Krening document (.5), Begin work on memo regarding correspondence in support of Krening decleration (2.5) | 55.00 | 8.00 | 440.00 | Billable |
| 6/24/2009 9724 | Mike Caryl Time Coordinate with JDR about necessary documents supportinbg motin toforeclose attorn ey's lien (.4) | 325.00 | 0.40 | 130.00 | Billable |
| 6/24/2009 9804 | JDR Time Read MRC's draft motion to foreclose (.5), Identify specific emails to further support those arguments (2), Begin writing draft language that highlights the examples (1), Go through new binder of pleadings that | 55.00 | 4.00 | 220.00 | Billable |

Krening Lien Collection:Michael R. Caryl, P.S. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------------|---------------|----------------|----------------|-------|
| | arrived today (.5) | | | | |
| 6/25/2009 9805 | JDR Time | 55.00 | 7.50 | 412.50 | Billable |
| | Work of Draft Krening Motion to Foreclose (6), Recieve new emails from MRC's inbox via jared and review those (1), check with court to see if Krening opp filing occurred, check deadline dates (.5) | | | | |
| 6/26/2009 9741 | Mike Caryl Time | 325.00 | 0.30 | 97.50 | Billable |
| | Review pleadings by Krening opposing motion and instructions to intern JDR | | | | |
| 6/26/2009 9807 | JDR Time | 55.00 | 2.20 | 121.00 | Billable |
| | Receive Krening reply to motion to maintain status quo, receive assignment on making a response (.5), Review Krening reply and prep our response (1.2) | | | | |
| 6/27/2009 9766 | Mike Caryl Time | 325.00 | 1.50 | 487.50 | Billable |
| | Drafting reply memo on status quo motion (1.5) | | | | |
| 6/27/2009 9808 | JDR Time | 55.00 | 1.50 | 82.50 | Billable |
| | Work on response to Krening with MRC (1.5) | | | | |
| 6/29/2009 9747 | Mike Caryl Time | 325.00 | 2.00 | 650.00 | Billable |
| | Draafting and editing the Reply memorandum and the MRC decl (2.0) | | | | |
| 6/29/2009 9811 | JDR Time | 55.00 | 0.20 | 11.00 | Billable |
| | Assist MRC with finalizing Krening Response (.5), email to Simmerly re: motion to seal (.2) | | | | |
| 6/30/2009 9812 | JDR Time | 55.00 | 2.00 | 110.00 | Billable |
| | exhibit prep | | | | |
| 7/1/2009 9815 | JDR Time | 55.00 | 6.20 | 341.00 | Billable |
| | email simmerly re filing under seal (.1), review pleadings with MRC and settle on ones to use (.8), Check in ECR for new filings, (.2), Just about finish up sections of Krening decleration (5) | | | | |
| 7/2/2009 9758 | Mike Caryl Time | 325.00 | 2.10 | 682.50 | Billable |
| | Drafting motion to foreclose and light research | | | | |
| 7/2/2009 9816 | JDR Time | 55.00 | 3.00 | 165.00 | Billable |
| | Assist in the final reviews and additions for Riser mediation letter, | | | | |

Krening Lien Collection:Michael R. Caryl, P.S. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| | including insertion of Hawkes declaration (2.5) Produce and email mediation letter to mediator (.4) email Ms. Riser about details of mediation and logistics .2 | | | | |
| 7/3/2009 9817 | JDR Time | 55.00 | 2.00 | 110.00 | Billable |
| | Prep all Krening Filings and motions, get ready to file on Monday by cross checking exhibits with the factual and legal arguments made in reliance on them (1), start line by line review (1) | | | | |
| 7/6/2009 9818 | JDR Time | 55.00 | 4.00 | 220.00 | Billable |
| | Work on paragraphs of Krening declaration addressing him as a co-counsel and his inability or unwillingness to pay (2), continue line by line review (1) Put away Krening file per stop work order and prep short memo to MRC on status of lien foreclosure filings (.9) | | | | |
| 7/7/2009 9819 | JDR Time | 55.00 | 0.50 | 27.50 | Billable |
| | find BKRPTdocs online and go over them for details, scan and send to Malaier (.5) | | | | |

| | | | | | |
|---|---|---|---|---|---|
| TOTAL | Billable Fees | | 73.50 | | $8,271.50 |

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 6/9/2009 9604 | Pamela H Copies | 0.05 | 15.000 | 0.75 | Billable |
| | Photocopies for the month of May. | | | | |
| 6/12/2009 9788 | Jeremy Black Courier | 62.50 | 1.000 | 62.50 | Billable |
| | Seattle Legal File P/U & Del of 5 Boxes from Nelson Berry's Office to MRC for Rvw - Order placed 6/12/09 @ 10:35am; stmnt rcvd 7-7-09. | | | | |
| 6/29/2009 9744 | Pamela H Court filing fees | 22.49 | 1.000 | 22.49 | Billable |
| | Electronically send working copies of Lien Claimant MRC's Reply pleadings to Judge Prochnau; Order #3514216819. | | | | |

| | | | | | |
|---|---|---|---|---|---|
| TOTAL | Billable Costs | | | | $85.74 |

Krening Lien Collection:Michael R. Caryl, P.S. (continued)

---

## Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips<br>By billing value on each slip. |  |  |
| Total of billable time slips<br>Total of Fees (Time Charges) | $8,271.50 | $8,271.50 |
| Costs Bill Arrangement: Slips<br>By billing value on each slip. |  |  |
| Total of billable expense slips<br>Total of Costs (Expense Charges) | $85.74 | $85.74 |
| Total new charges |  | $8,357.24 |
| New Balance<br>Current | $8,357.24 |  |
| Total New Balance |  | $8,357.24 |

# EXHIBIT C

FILE COPY

1
2
3
4
5
6
                                    HONORABLE GREG CANOVA
7                                     Trial Date: 10/13/2008

8                    IN THE SUPERIOR COURT OF WASHINGTON
                                   FOR KING COUNTY
9

10  MARCIA M. WHARTON and S. PAUL
    SMITH, husband and wife, and the marital      NO. 07-2-14321-1 SEA
11  community property composed thereof;
    and COLE WHARTON REEVES, a minor             **NOTICE OF CLAIM OF ATTORNEY'S**
12  child, by and through his guardian, Marcia    **LIEN**
    M. Wharton,
13
                          Plaintiffs,
14
          v.
15
16  BERRY & ZUNDEL, PLLC, a
    Washington professional limited liability
17  company; and ERIC T. KRENING,

18                        Defendants.

19  TO:        CLERK OF COURT;

20  AND TO:    DEFENDANT ERIC T. KRENING;

21  AND TO:    PLAINTIFFS WHARTON AND SMITH;
22
    AND TO:    DEFENDANT BERRY & ZUNDEL, PLLC
23
24        NOTICE IS HEREBY GIVEN that attorney Michael R. Caryl, and Michael R. Caryl,

25  P.S., former counsel of record for Defendant Krening, has performed legal services for

26  Defendant Krening. The last known address for Eric T. Krening is 16301 - 197th Avenue NE,

NOTICE OF CLAIM OF ATTORNEY'S LIEN - 1

LAW OFFICES
MICHAEL R. CARYL, P.S
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119
PHONE: (206) 378-4125 FAX: (206) 378-4132
michaelc@michaelcaryl.com

Notice of Claim of Lien -3-22-08 dot

Woodinville, WA 98077. Such legal services were performed on behalf of Defendant Krening in the successful defense of all claims brought in this action by the Plaintiffs and pursuance of Krening's counterclaims against the Plaintiffs, which arose from the attorney-client relationship between Defendant Krening and the Plaintiff Wharton in 2006-2007.

Attorney's Lien Claimant Caryl claims a lien pursuant to RCW 60.40.010 against any settlement, recovery or judgment entered in favor of Krening against the Plaintiffs or any other recovery in this matter, pursuant to a written hourly fee agreement dated April 5, 2007. Attorney's Lien Claimant claims a lien for attorney's fees and reimbursement of unpaid costs, plus interest per the written hourly fee agreement of Lien Claimant and Defendant Krening of April 5, 2007, in the amount of $20,329.56. Such lien extends to continuing simple interest at the rate of 12% per annum, per the fee agreement.

DATED this 24th day of March, 2008

MICHAEL R. CARYL, P.S.

By _____
Michael R. Caryl (WSBA #07321)
Attorney's Lien Claimant

NOTICE OF CLAIM OF ATTORNEY'S LIEN - 2

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119
PHONE: (206) 378-4125 FAX: (206) 378-4132
michaelc@michaelcaryl.com

Notice of Claim of Lien -3-22-08 dot

# CERTIFICATE OF MAILING

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the below date, I caused delivery of a true and accurate copy of the foregoing to the following individuals via the methods indicated below:

Defendant Berry & Zundle PLLC
C. Nelson Berry
Law Offices of C. Nelson Berry
1708 Bellevue Avenue
Seattle, WA 98122
206-441-5444

Via ABC Legal Messenger Service, next day delivery

Plaintiffs Marcia Wharton and Paul Smith
Gregory A. McBroom
Livengood, Fitzgerald & Alskog
121 Third Avenue
Kirkland, WA 98083-0908
425-822-9281

Via ABC Legal Messenger Service, next day delivery

Defendant Eric T. Krening
16301 – 197th Avenue N.E.
Woodinville, WA 98077
206-922-3718

Via first class mail, postage prepaid, and by certified mail, return receipt requested.

Dated this _24th_ day of March, 2008 in Seattle, Washington.

Pamela S. Hamilton

**NOTICE OF CLAIM OF ATTORNEY'S LIEN - 3**

LAW OFFICES
MICHAEL R. CARYL, P.S
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119
PHONE: (206) 378-4125 FAX: (206) 378-4132
michaelc@michaelcaryl.com

Notice of Claim of Lien -3-22-08 dot

# EXHIBIT D

**SUPERIOR COURT OF WASHINGTON
COUNTY OF KING**

MARCIA M. WHARTON and S.
PAUL SMITH, husband and
wife, and the marital
community composed thereof;
and COLE WHARTON REEVES, a
minor child, by and through
his guardian, Marcia M.
Wharton,

          Plaintiffs,

      v.

BERRY & ZUNDEL, P.L.L.C., a
Washington professional
limited liability company;
and ERIC T. KRENING,

          Defendants.

NO.  07-2-14321-1 SEA

JUDGMENTS ON SPECIAL VERDICT

**[CLERK'S ACTION REQUIRED]**

## I.  JUDGMENT SUMMARY

Judgment Summary is as follows:

A. Judgment Creditor          BERRY & ZUNDEL, P.L.L.C.

B. Judgment Debtors          MARCIA M. WHARTON and S.
                                PAUL SMITH, husband and
                                wife, and the marital
                                community composed thereof

C. Principal Judgment Amount     $ 8,040.00

JUDGMENTS ON
SPECIAL VERDICT



C. Nelson Berry III
1708 Bellevue Avenue
Seattle, Washington 98122
(206)441-5444 FAX (206)838-6346

| | |
|---|---|
| D. Interest to Date of Judgment | $ 2,008.90 |
| E. Attorney Fees | $ ~~37~~ 38,240 |
| F. Costs | $ ~~3,140.95~~ 2600 |
| G. Other Recovery Amounts | $ N/A |

H. Principal Amount of Judgment shall bear interest at the statutory rate of 12% per annum.

I. Attorney fees, costs and other recovery amounts shall bear interest at the statutory rate of 12% per annum.

J. Attorney for Judgment Creditor    C. Nelson Berry III

K. Attorneys for Judgment Debtor    Pro Se

## II. JUDGMENT SUMMARY

Judgment Summary is as follows:

| | |
|---|---|
| A. Judgment Creditor | ERIC T. KRENING |
| B. Judgment Debtors | MARCIA M. WHARTON and S. PAUL SMITH, husband and wife, and the marital community composed thereof |
| C. Principal Judgment Amount | 27,833 $ ~~27,833.80~~ |
| D. Interest to Date of Judgment | $ 446.00 |
| E. Attorney Fees | $ 37,340 |
| F. Costs | $ 339 |
| G. Other Recovery Amounts | $ N/A |

H. Principal Amount of Judgment shall bear interest at the statutory rate of 12% per annum.

I. Attorney fees, costs and other recovery amounts shall bear interest at the statutory rate of 12% per annum.

J. Attorney for Judgment Creditor    Paul E. Simmerly

K. Attorneys for Judgment Debtor    Pro Se

THIS MATTER having come on duly and regularly for trial

JUDGMENTS ON
SPECIAL VERDICT                - 2 -

C. Nelson Berry III
1708 Bellevue Avenue
Seattle, Washington 98122
(206)441-5444 FAX (206)838-6346

| | |
|---|---|
| 1 | before the undersigned Judge; and the Jury having entered its |
| 2 | Special Verdict Form on December 10, 2008, a true and accurate |
| 3 | copy of which is attached hereto and incorporated herein by |
| 4 | reference; and the Court having duly considered the Defendants' |
| 5 | Motion for an Award of Reasonable Attorney Fees and Costs of |
| 6 | Collection, and the declarations and pleadings submitted in |
| 7 | support of and opposed to that motion; and being otherwise fully |
| 8 | advised in the premises; now, therefore, it is hereby |
| 9 | ORDERED that judgment shall be entered against Marcia |
| 10 | M. Wharton and S. Paul Smith, husband and wife, and the marital |
| 11 | community composed thereof, and in favor of Berry & Zundel, |
| 12 | P.L.L.C. in the principal amount of $8,040.00; and it is further |
| 13 | ORDERED that judgment shall be entered against Marcia |
| 14 | M. Wharton and S. Paul Smith, husband and wife, and the marital |
| 15 | community composed thereof, and in favor of Berry & Zundel, |
| 16 | P.L.L.C. for prejudgment interest on this liquidated amount from |
| 17 | December 31, 2006 through the date of the entry of this Judgment |
| 18 | on Special Verdict in the amount of $2,008.90; and it is further |
| 19 | ORDERED that judgment shall be entered against Marcia |
| 20 | M. Wharton and S. Paul Smith, husband and wife, and the marital |
| 21 | community composed thereof, and in favor of Berry & Zundel, |
| 22 | P.L.L.C. for its attorney fees in the amount of $ _38,240_ , |
| 23 | which the Court finds to be reasonable and necessary; and it |
| 24 | is further |
| 25 | ORDERED that judgment shall be entered against Marcia |
| 26 | M. Wharton and S. Paul Smith, husband and wife, and the marital |
| 27 | |
| 28 | |

JUDGMENTS ON
SPECIAL VERDICT                    - 3 -

C. Nelson Berry III
1708 Bellevue Avenue
Seattle, Washington 98122
(206)441-5444 FAX (206)838-6346

community composed thereof, and in favor of Berry & Zundel,

P.L.L.C. for its costs of collection in the amount of $~~3,080.85,~~ 2600 /100

and it is further

ORDERED that judgment shall be entered against

Marcia M. Wharton and S. Paul Smith, husband and wife, and the

marital community composed thereof, and in favor of Eric T.

Krening in the principal amount of $33,400.00, less an offset

in the amount of $5,120.20 for a judgment entered on April 10,

2008, and less the interest which has accrued on that judgment

through the entry of this one in the amount of $446.00, for a

net judgment in favor of Eric Krening in the amount of

$27,833.80; and it is further

ORDERED that judgment shall be entered against Marcia

M. Wharton and S. Paul Smith, husband and wife, and the

marital community composed thereof, and in favor of Eric T.

Krening for his attorney fees ~~in the amount of~~ $ 37,340.10

which the Court finds to be reasonable and necessary; and it

is further

ORDERED that judgment shall be entered against Marcia

M. Wharton and S. Paul Smith, husband and wife, and the marital

community composed thereof, and in favor of Eric T. Krening for

his costs of collection in the amount of $ ~~~~ $335

Done in Open Court this 17th day of April, 2009.

_____
Honorable Kimberley Prochnau
Superior Court Judge

JUDGMENTS ON
SPECIAL VERDICT           - 4 -

C. Nelson Berry III
1708 Bellevue Avenue
Seattle, Washington 98122
(206)441-5444 FAX (206)838-6346

Presented By:

C. Nelson Berry III
WSBA #8851
Attorney for Defendant
Berry & Zundel, P.L.L.C.

JUDGMENTS ON
SPECIAL VERDICT

- 5 -

FILED
KING COUNTY, WASHINGTON

DEC 1 0 2008

SUPERIOR COURT CLERK
BY CRAIG MORRISON
DEPUTY

WHARTON ET ANO,

                Plaintiffs,

      vs.

BERRY & ZUNDEL ET ANO ,

                Defendants.

)
)
)
)
)
)
)
)
)
)

No. 07-2-14321-1 SEA

SPECIAL VERDICT FORM

 

**Question No. 1:** Did the law firm of Berry & Zundel, P.L.L.C. violate the

Consumer Protection Act?

Answer: _____ Yes       _X_ No

 

If your answer is no to Question No. 1, then please skip Question No's. 2, 3 & 4;
and answer Question No. 5. If you answer is yes to Question No. 1, then please answer
the following questions.

 

**Question No. 2:** What is the amount of damage, if any, you find was

proximately caused by Berry & Zundel's violation of the

Consumer Protection Act?

Answer: $_____

 

**Question No. 3:** Do you find that Marcia Wharton could have mitigated her

damages?

Answer: _____ Yes       _____ No

 

# EXHIBIT "A"

1

If you answered no to Question No. 3, then please skip Question No. 4, and answer Question No. 5. If you answered yes to Question No. 3, then please answer Question No. 4.

Question No. 4:    What is the amount of these damages, if any, you find that

Marcia Wharton could have mitigated?

Answer: $_____


Question No. 5:    Did Eric Krening violate the Consumer Protection Act?

Answer: _____ Yes        _X_ No


If your answer is no to Question No. 5, then please skip Question No's. 6, 7 & 8 and answer Question No. 9. If your answer is yes to Question No. 5, then please answer the following questions.

Question No. 6:    What is the amount of damage, if any, you find was

proximately caused to the plaintiffs' by defendants

Krening's violation of the Consumer Protection Act?

Answer: $_____


Question No. 7:    Do you find that Marcia Wharton could have mitigated her

damages?

Answer: _____ Yes        _____ No


2

If you answered no to Question No. 7, then please skip Question No. 8, and answer Question No. 9. If you answered yes to Question No. 7, then please answer Question No. 8.

Question No. 8:   What is the amount of these damages, if any, you find that Marcia Wharton could have mitigated?

Answer: $_____

Question No. 9:   Did the law firm of Berry & Zundel, P.L.I..C. breach its fiduciary duty to the plaintiffs?

Answer: _____ Yes        ✗ No

If your answer is no to Question No. 9, then please skip Question 10, 11 & 12, and answer Question No. 13. If your answer is yes to Question No. 9, then please answer the following questions.

Question No. 10:   What is the amount of damages, if any, you find were proximately caused to the plaintiffs by the law firm of Berry & Zundel, P.L.L.C.'s breach of fiduciary duties?

Answer: $_____

Question No. 11:   Do you find that Marcia Wharton could have mitigated her damages?

Answer: _____ Yes        _____ No

If you answered no to Question No. 11, then please skip Question No. 12, and answer Question No. 13. If you answered yes to Question No. 11, then please answer Question No. 12.

Question No. 12:    What is the amount of these damages, if any, you find that

Marcia Wharton could have mitigated?

Answer: $_____


Question No. 13:    Did Eric Krening breach his fiduciary duty to the plaintiffs?

Answer: _____ Yes        _X_ No


If your answer is no to Question No. 13, then please skip Question 14, 15 & 16, and answer Question No. 17. If your answer is yes to Question No. 13, then please answer the following questions.


Question No. 14:    What is the amount of damages, if any, you find were

proximately caused to the plaintiffs by Krening's breach of

fiduciary duties?

Answer: $_____

Question No. 15:    Do you find that Marcia Wharton could have mitigated her

damages?

Answer: _____ Yes        _____ No


If you answered no to Question No. 15, then please skip Question No. 16, and answer Question No. 17. If you answered yes to Question No. 15, then please answer Question No. 16.


4

Question No. 16:     What is the amount of these damages, if any, you find that

Marcia Wharton could have mitigated?

Answer: $_____


Question No. 17:     Did Marcia Wharton breach a contract with the law firm of

Berry & Zundel, P.L.L.C.?

Answer: __X__ Yes          _____ No


If your answer is no, then please skip Question No. 18 and 19.   If your answer is
yes, then please answer the following question.


Question No. 18:     Did Marcia Wharton agree to enter into the fee agreement

with Berry & Zundel P.L.L.C. by justifiably relying upon

negligent misrepresentations concerning Eric Krening's

experience and/or level of success?

Answer: _____ Yes          __X__ No


If your answer is no, then answer Question No. 19.  If your answer is yes, then
skip Question No. 19, and answer Question No. 20.


Question No. 19:     Is Berry & Zundel, P.L.L.C. entitled to recover the

principal balance of $8,040.00 for the attorney fees and

costs incurred on or before December 31, 2006?

Answer: __X__ Yes          _____ No

5

Question No. 20:     Did Marcia Wharton breach a contract with Eric Krening

by failing to pay for legal services rendered and costs

incurred after December 31, 2006?

Answer: __X__ Yes        _____ No


If your answer is no, then skip Questions No. 21, 22 & 23 and sign the verdict. If your answer is yes, answer the following question.


Question No. 21:     Did Marcia Wharton agree to enter into the fee agreement

with Eric Krening by justifiably relying upon negligent

misrepresentations concerning Eric Krening's experience

and/or level of success?

Answer: _____ Yes        __X__ No


If your answer is no, then answer Question No. 22. If your answer is yes, then skip Question No. 22 and sign the verdict.


Question No. 22:     Is Eric Krening entitled to recover his attorney fees and

costs incurred after December 31, 2006?

Answer: __X__ Yes        _____ No

If your answer is no, skip Questions No. 23 & No. 24 and sign the verdict. If your answer is yes, please answer the next question.

Question No. 23:     If so, what is the amount he is owed?

$ 33,400

6

Question No. 24:     After December 31, 2006 did Eric Krening and Marcia

Wharton modify the terms of the existing Agreement for

Legal Services; or did Marcia Wharton and Eric Krening

create a new contract altogether?

Answer: __X__ Modified Existing Contract

_____ New Contract


PLEASE SIGN AND RETURN THIS VERDICT.

DATED   12/10/08

SIGNATURE OF PRESIDING JUROR

7

**EXHIBIT E**

IT IS ORDERED that moving party
is required to provide a copy of this
order to all parties who have
appeared in the case



**FILED**
KING COUNTY, WASHINGTON

JUN 16 2009

SUPERIOR COURT CLERK
BY CRAIG MORRISON
DEPUTY

1

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

8

9

10  MARCIA M. WHARTON and S. PAUL
    SMITH, husband and wife, and the marital
11  community property composed thereof; and
    C.R., a minor child, by and through his
12  guardian, Marcia M. Wharton,

13                          Plaintiffs,

14  v.

15  BERRY & ZUNDEL, PLLC, a Washington
    professional liability company; and ERIC T.
16  KRENING,
                            Defendants.

17

NO. 07-2-14321-1 SEA

SECOND ORDER CORRECTING
JUDGMENT ON SPECIAL
VERDICT

18      THIS MATTER having come on regularly before the above-entitled court on

19  the Motion of Defendant Krening for an Order to Correct the mathematical errors in

20  the award of attorney's fees entered herein in a judgment dated April 17, 2009, but

21  **filed** on or about May 8, 2009, and the Order Correcting Special Verdict entered on

22  May 27, 2009, and the court having considered Defendant Krening's motion and

23  Plaintiff's Response ~~and the Reply of Defendant Krening~~ *there being no objection* and the records and files

24

25  herein, and being duly advised, now, therefore, it is hereby ORDERED, ADJUDGED

26  AND DECREED as follows:

27

28  SECOND ORDER CORRECTING
    JUDGMENT ON SPECIAL VERDICT
29  Page 1

HERMAN, RECOR, ARAKI, KAUFMAN,
SIMMERLY & JACKSON, PLLC
2100 - 116TH AVENUE N.E.
BELLEVUE, WA 98004
Phone (425) 451-1400  Fax (425) 451-1689

ORIGINAL

That the Judgment on Special Verdict entered on May 8, 2009 (but dated April 17, 2009) and the Order Correcting Judgment on Special Verdict dated May 27, 2009, be and the same are hereby amended to provide that the judgment for attorney's fees awarded to Eric T. Krening against Marcia M. Wharton and Paul Smith is corrected to the sum of $32,660. In all other respects the Judgment on Special Verdict shall be unchanged.

DONE IN OPEN COURT this /2 day of June, 2009.

_____
Honorable Kimberley Prochnau

Presented by:

HERMAN. RECOR, ARAKI, KAUFMAN,
SIMMERLY & JACKSON, PLLC

_____
Paul E. Simmerly, WSBA #19719
Attorney for Defendant Eric T. Krening

SECOND ORDER CORRECTING
JUDGMENT ON SPECIAL VERDICT
Page 2

# EXHIBIT F

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MARCIA M. WHARTON and S. PAUL
SMITH, husband and wife, and the marital
community property composed thereof; and
COLE WHARTON REEVES, a minor
child, by and through his guardian, Marcia
M. Wharton,

NO. 07-2-14321-1 SEA

                                        Plaintiffs,

**FIRST AMENDED NOTICE OF CLAIM
OF ATTORNEY'S LIEN (RCW
60.40.010)**

**(Clerk's Action Required)**

          v.

BERRY & ZUNDEL, PLLC, a Washington
professional limited liability company; and
ERIC T. KRENING,

                                        Defendants.

TO:     THE CLERK OF THE SUPERIOR COURT;

AND TO:     NELSON BERRY, counsel for BERRY AND ZUNDEL;

AND TO:     MARK HONEYWELL, counsel for the PLAINTIFFS;

AND TO:     PAUL SIMMERLY, counsel for defendant ERIC T. KRENING

          NOTICE IS HEREBY GIVEN that Michael R. Caryl of Michael R. Caryl, P.S., former

counsel of record for defendant Eric T. Krening, by way of first amended notice of claim of attorney's

FIRST AMENDED NOTICE OF CLAIM OF
ATTORNEY'S LIEN - 1 of 1

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119
Phone: (206) 378-4125 Fax: (206) 378-4132
michaelc@michaelcaryl.com

lien, as former attorney for defendant Krening in this action, has performed legal services in this litigation as lead counsel for defendant Krening until he withdrew for non-payment of attorney's fees. Such legal services were performed on behalf of the defendant Krening in this action in connection with the defense of claims brought by the plaintiffs in this action and in pursuit of defendant Krening's counterclaims for lawyer's fees.

Attorney's Lien Claimant Caryl claims a lien pursuant to RCW 60.40.010(1)(c) & (d) against any settlement or recovery by Krening for Caryl's attorney's fees and costs pursuant to a written engagement letter dated April 5, 2007. Attorney's Lien Claimant Caryl further claims a lien pursuant to RCW 60.40.010(1)(e) against the judgment filed by the court in this matter on May 8, 2009 after entry of the Findings of Fact and Conclusions of Law, including the determination of fee-shifting attorney's fees. Claimant claims a lien for attorney's fees in the approximate amount of $25,687.00 including interest at the rate of 12% per annum.

The clerk is hereby requested to file this notice with the "papers in the action," and make an entry in the execution docket showing the name of the claimant, the amount claimed and date of filing notice, pursuant to the requirements of RCW 60.40.010(1)(e).

The last known address for defendant Krening is:

> Eric T. Krening
> 2812 Patten Pl. W.
> Seattle, WA 98119

Mr. Krening can also be contacted at:

> Herman, Ricor, Araki, Kauffman, Simmerly & Jackson
> 2100 116th Ave. NE
> Bellevue, WA 98004-3016

**FIRST AMENDED NOTICE OF CLAIM OF
ATTORNEY'S LIEN - 2 of 2**

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119
Phone: (206) 378-4125 Fax: (206) 378-4132
michaelc@michaelcaryl.com

Where he is employed.

DATED 14ᵗʰ day of May, 2009.

MICHAEL R. CARYL, P.S.

By: _____
Michael R. Caryl, WSBA #07321
Attorney Lien Claimant

## CERTIFICATE OF SERVICE - KRENING

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the below date I caused delivery of a true and accurate copy of the foregoing First Amended Notice of Claim of Attorney's Lien to defendant Krening by certified mail, return receipt requested, and by regular first class mail, postage prepaid to his last known office address.

DATED this 14ᵗʰ day of May, 2009.

_____
Pamela S. Hamilton, Legal Assistant

## CERTIFICATE OF SERVICE - COUNSEL OF RECORD

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the below date, I caused via next-day legal messenger and same day electronic mail delivery of a true and accurate copy of the foregoing First Amended Notice of Claim of Attorney's Lien to defendants Berry & Zundle at their regular office, and to counsel for Plaintiffs, Mark Honeywell, and to Paul Simmerly, counsel for defendant Krening, at their regular offices.

DATED this 14ᵗʰ day of May, 2009.

_____
Pamela S. Hamilton, Legal Assistant

**FIRST AMENDED NOTICE OF CLAIM OF
ATTORNEY'S LIEN - 3 of 3**

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119
Phone: (206) 378-4125 Fax: (206) 378-4132
michaelc@michaelcaryl.com

**EXHIBIT G**

RECEIVED

JUL 2 - 2009

MICHAEL R. CARYL, P.S.

HON. KIMBERLEY PROCHNAU

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MARCIA M. WHARTON and S. PAUL
SMITH, husband and wife, and the marital
community property composed thereof;
and COLE WHARTON REEVES, a minor
child, by and through his guardian, Marcia
M. Wharton,

                      Plaintiffs,

    v.

BERRY &amp; ZUNDEL, PLLC, a
Washington professional limited liability
company; and ERIC T. KRENING,

                    Defendants.

NO. 07-2-14321-1 SEA

**ORDER GRANTING LIEN
CLAIMANT'S MOTION TO MAINTAIN
STATUS QUO PENDING
FORECLOSURE OF ATTORNEY'S
LIEN**

**[~~PROPOSED~~]**

THIS MATTER having come on before the court without oral argument on attorney lien

claimant Michael R. Caryl, P.S.' motion to maintain status quo pending resolution of its claim of

attorney's lien and the court having considered the motion and its subjoined declaration and the

opposition evidence and memoranda, of any other party, if any, and matters in reply, if any, and the

Court being fully advised,

**MOTION TO MAINTAIN STATUS QUO
PENDING FORECLOSURE OF ATTORNEY'S
LIEN AND SUBJOINED DECLARATION OF
LIEN CLAIMANT - 1 of 3**

ORIGINAL

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119 Phone: (206) 378-4125 Fax:
(206) 378-4132
michaelc@michaelcaryl.com

IT IS HEREBY ORDERED as follows:

A.  Attorney lien claimant Michael R. Caryl, P.S.' motion to maintain *status quo* pending resolution of its claim of attorney's lien by this court is HEREBY GRANTED. The claim of attorney's lien has a statutory priority over all other claims, including the rights of the defendant Krening to be paid the amount of his judgment.

B.  Attorney lien claimant Michael R. Caryl, P.S. shall be given notice of any and all *from his desk forward* pleadings filed in this cause ~~from herein out~~, including any actions seeking collection of the judgment, including but not limited to garnishments, in order to protect claimant's claim of attorney's lien. *This order is limited to proceedings affecting the principal judgment awarded to Mr Krening only.*

C.  The Court orders that the *status quo* be maintained as to any funds paid into the registry of the Court or held by any party which may be subject to the above-described claim of attorney's lien by Michael R. Caryl, P.S. The Clerk is hereby directed to withhold all funds deposited to the registry of this court by plaintiffs in satisfaction of the judgment entered in this case pending further order of this Court, wherein attorney lien claimant has been given full and timely notice of any pleadings seeking such order.

Done in Chambers this ⟨30⟩ day of ~~July,~~ *June* 2009.

_____
HON.  **KIMBERLEY PROCHNAU**
King County Superior Court Judge

*Any party may move to ~~lift stay and/or~~ vacate order if claimant Caryl does not move in prompt and timely manner to resolve his claim.*

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119  Phone: (206) 378-4125  Fax:
(206) 378-4132
michaelc@michaelcaryl.com

Presented by:


MICHAEL R. CARYL, P.S.


_____
Michael R. Caryl, WSBA #7321
Attorney for Attorney Lien Claimant
Michael R. Caryl, P.S.

LAW OFFICES
MICHAEL R. CARYL, P.S.
A PROFESSIONAL SERVICES CORPORATION
18 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119Phone:  (206) 378-4125  Fax:
(206) 378-4132
michaelc@michaelcaryl.com