\* \* \* **NOT FOR PUBLICATION**[1] \* \* \*
**POST ON COURT'S WEBSITE**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

ERIC T. KRENING,

        Debtor.

No. 09-44745

**ORDER DENYING:**

1. **DEBTOR'S MOTION FOR TERMS RE: HEARING ON OBJECTION TO SIMMERLY'S CLAIM; and**
2. **CROSS MOTIONS FOR SANCTIONS**

I have considered Debtor Eric Krening's motion for terms of $1639.50 against Paul Simmerly for his having to respond and appear in court on his objection to Simmerly's claim (docket no. 160). Finding no evidence of bad faith, I will deny the motion.

I entered an order on 28 October 2009 authorizing the King County Superior Court to determine whether Simmerly had a valid attorney's lien claim against funds being held in that court's registry, and authorizing disbursement to the extent of any such lien. Simmerly filed his claim for $20,828.77 (secured) shortly thereafter, on 3 November 2009. On 8 December 2009 the King County Superior Court issued an order determining that Simmerly had a valid lien in the amount of $20,828.77 and authorized disbursement of those funds. On 14 December 2009, Krening filed objections to four unrelated claims, including Simmerly's

---

[1] **THIS ORDER IS NOT APPROVED FOR PUBLICATION AND MAY NOT BE CITED EXCEPT WHEN RELEVANT UNDER THE DOCTRINE OF LAW OF THE CASE OR OF PRECLUSION.**

(09-44745-Krening)
ORDER DENYING: (1) MOTION FOR TERMS and (2) CROSS MOTIONS FOR SANCTIONS - 1 of 5

(combined in document no. 122, amended twice, in docket nos. 123 and 126).

Krening objected to Simmerly's claim on the basis that if the claim were paid from the funds held by King County, allowance of the claim would result in "double dipping." Further, Krening argued that he was entitled to an offset for fees Simmerly's firm owed Krening.

Simmerly filed a declaration in response (docket no. 131, filed 5 January 2010), noting the order entered in the King County proceeding. He stated: "Mr. Krening's Objection to my claim and his Motion for Sanctions are now moot and I therefore demand that Mr. Krening strike his Objection and Motion for Sanctions. If he does not immediately do so, I hereby give notice that I will proceed with my own motion for sanctions under Rule 11."

Krening's reply (docket no. 140, filed 9 January 2010) indicated he had agreed to strike his sanctions motion and was attempting to negotiate an agreed order disallowing the claim as paid in full. He also made his initial request for terms in that reply. According to Krening's declaration (docket no. 143) and the attached e-mails, Simmerly had returned the signed order on 7 January 2010 with a message reading: "Eric: I am agreeing to this with the express understanding that all issues before the Court that relate to me are resolved. Attached is the executed Proposed Order with a change to reflect that the Claim has been paid in full." Krening responded: "Thanks for getting back to me. I so agree with respect to all motions 'currently pending' that relate to you. This does not foreclose or prevent any

possible future motions." Simmerly's reply: "Wrong. This resolves all possible claims against me."

Jean Chapman, Krening's paralegal, then replied to both counsel with: "Dear Counsel, Please clarify. Am I to file the proposed order or not?" Simmerly did not respond; according to his declaration (docket no. 183), he assumed that since he had signed the order it was acceptable to Krening and would be entered. He also states he was never served with notice that Krening intended to argue the motion. Krening had confirmed the claim objection to be argued on 7 January 2010, before Simmerly had signed the order. As noted, that objection encompassed the claims of Bank of Hawaii, State of Hawaii, and Matsuyama, as well as Simmerly. Under the circumstances, Krening's Notice of Intent to Argue did not provide explicit notice that he intended to appear on Simmerly's claim, nor does Krening contend that it did.

Krening appeared at the hearing; Simmerly did not. I entered the stipulated order disallowing the claim, instructing Krening that if he still wished to seek terms, he should file a separate motion and note it for hearing.

Krening did so, requesting terms for Simmerly's failure to respond to his paralegal's inquiry of whether the order could be entered, thus forcing Krening to file a reply and appear in court (docket no. 160, at 2:19-21). Simmerly responds that he assumed that, since he had signed the order, the matter was resolved and the order would be entered.

Krening sets forth no legal authority for imposing terms, but I have inherent power to sanction for bad faith conduct. Chambers v. NASCO, 501 U.S. 32, 45-46 (1991); see also In re Rainbow Magazine, Inc.,

(09-44745-Krening)
ORDER DENYING: (1) MOTION FOR TERMS and (2) CROSS MOTIONS FOR SANCTIONS - 3 of 5

77 F.3d 278, 284 (9th Cir. 1996); <u>In re DeVille</u>, 361 F.3d 539, 550-51 (9th Cir. 2004).

I do not find that Simmerly's conduct rises to the level of bad faith; rather this appears to be a case of ambiguous communication and mistaken assumptions. It was not unreasonable for Simmerly to assume that once he had signed and returned the order, there was no need to appear at the hearing. While Krening was justified in hesitating to submit the order while believing there was an outstanding issue, that could have been addressed with a simple one or two paragraph pleading setting out the state of play. I do not see how he was forced to appear; and I therefore do not find it appropriate to impose terms.

Krening also requests sanctions under "Rule 11" for Simmerly's "deliberate and improper" conduct. However, Debtor has not complied with the safe harbor provisions of Rule 9011(c)(1)(A) of the Federal Rules of Bankruptcy Procedure, which applies in bankruptcy. Nor has Krening set forth any basis for awarding sanctions under that rule. For the same reasons, Simmerly's request for fees under "Rule 11," made in his reply (docket no. 183) will be denied.

Accordingly, it is **ORDERED**:

1. Debtor's motion for terms is **DENIED**; and
2. Both parties' requests for sanctions are **DENIED**.

*///* **- END OF ORDER -** *///*

Philip H. Brandt
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

(09-44745-Krening)
ORDER DENYING: (1) MOTION FOR TERMS and (2) CROSS MOTIONS FOR SANCTIONS - 4 of 5

```
 1  CERTIFICATE OF SERVICE:
    I CERTIFY I SERVED COPIES OF
 2  THE FOREGOING (VIA US MAIL,
    FACSIMILE, OR ELECTRONICALLY) ON:
 3
     Eric T Krening                        Paul E. Simmerly
 4   Email: etkrening@yahoo.com             Bellevue Law Group, PLLC
                                            2100 - 116th Avenue NE
 5                                          Bellevue, WA 98004

 6   David M. Howe                         US Trustee
     Chapter 13 Trustee                    Served via ECF
 7   Served via ECF

 8  Date:   March 11, 2010

 9  By:      /s/ Juanita C. Kandi
```

(09-44745-Krening)
ORDER DENYING: (1) MOTION FOR TERMS and (2) CROSS MOTIONS FOR SANCTIONS - 5 of 5